UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAKUR AL-AMIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:20-cv-00413 |
| | ) |
| STATE OF TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 31, 2020, the Court granted pro se inmate Shakur Al-Amin leave to proceed in this matter without prepaying the civil filing fee, screened his complaint under the Prison Litigation Reform Act, and determined that his excessive force claim against Defendants Noble and McIntrye would be allowed to proceed while all other claims and Defendants would be dismissed from the action. (Doc. Nos. 34 & 35.) Although service of process has not yet been accomplished, Plaintiff has now filed a notice of appeal (Doc. No. 38) that simply seeks "to allow appeal of civil suit 42 [U.S.C. §] 1983 to next level of higher courts."

However, Plaintiff has no immediate right to appeal the Court's dismissal of some, but not all, of his claims. Absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Federal Rules of Civil Procedure, an order disposing of fewer than all parties or claims in an action is non-appealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir. 1978). The movant must meet three elements for certification under Section 1292(b): (1) a controlling legal question is involved; (2) there is a substantial ground for difference of opinion regarding the question; and, (3) an immediate appeal would materially advance the litigation's

ultimate termination. In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002); In re Baker & Getty Fin. Serv., Inc., 954 F.2d 1169, 1172 (6th Cir. 1992). Section 1292(b) certification should be "granted sparingly and only in exceptional circumstances." In re City of Memphis, 293 F.3d at 350; see also In re Miedzianowski, 735 F.3d 383, 384 (6th Cir. 2013); United States v. Stone, 53 F.3d 141, 143–44 (6th Cir.1995) (holding that "[d]oubts regarding appealability ... [should be] resolved in favor of finding that the interlocutory order is not appealable" (quotation omitted)). Plaintiff has not attempted to demonstrate that any of the foregoing elements for certification are present here or that exceptional circumstances otherwise exist.

Similarly, Rule 54(b) provides that, in actions involving multiple claims or multiple parties, the court may enter a final judgment as to fewer than all claims or parties, but "only if the court expressly determines that there is no just reason for delay"; "[o]therwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

To the extent that Plaintiff's notice of appeal to the "next level of higher courts" can be construed as a motion to direct entry of final judgment on the dismissed claims pursuant to Rule 54(b), or to certify the case for interlocutory appeal pursuant to Section 1292(b), that motion is **DENIED**. Plaintiff is not entitled to appeal this Court's dismissal of some, but not all, of his claims upon initial review.

"A notice of appeal from a plainly non-appealable order may properly be ignored by the district court," which may "proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed." Browder v. Ankrom, No. CIV.A. 4:05CV-P9-M, 2008 WL

2

3850380, at *1 (W.D. Ky. Aug. 14, 2008) (quoting Cochran v. Birkel, 651 F.2d 1219, 1222 (6th Cir.1981)). This matter will proceed pursuant to the Court's July 31, 2020 Order referring the case to the Magistrate Judge. (Doc. No. 35.)

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE